IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS AMILCAR RAMIREZ,

    Petitioner,                               No. CIV S-07-0918 GEB GGH P

    vs.

ALBERTO GONZALES,

    Respondent.                             ORDER

                                      /

          Petitioner, a federal petitioner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleged that he was convicted of illegal re-entry in violation of 8 U.S.C. § 1326. Petitioner requested that the court suspend his order of deportation.

          District courts do not have habeas jurisdiction over orders of removal. <u>Puri v. Gonzales</u>, 464 F.3d 1038, 1040 (9th Cir. 2006). Jurisdiction to review orders of removal rests exclusively in the courts of appeals. <u>Id.</u> Accordingly, on May 23, 2007, the court ordered this action transferred to the Ninth Circuit Court of Appeals.

          On June 4, 2007, respondent filed a motion to rescind the transfer order and to dismiss for lack of jurisdiction. Respondent correctly observe that the REAL ID Act provides that habeas petitions challenging orders of removal filed after the May 11, 2005 effective date of

1

the act should be dismissed outright by the district court for lack of jurisdiction rather than transferred to the Ninth Circuit. Id., at 1041. However, in Puri, the Ninth Circuit also considered whether, in lieu of outright dismissal, transfer of the case directly from the district court to the Ninth Circuit "in the interest of justice" under 28 U.S.C. § 1631 would have been appropriate. Id., at 1042-1043.

> Section 1631 provides that, in a civil action, if there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." [Footnote omitted] 28 U.S.C. § 1631. An immigration case is "transferable" when the following three conditions are met: 1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; 2) the transferor court lacks jurisdiction; and 3) the transfer serves the interest of justice.

Id., at 1042-1043.

In the instant case, as in Puri, only the third factor is at issue. In Puri, the Ninth Circuit found that a transfer would not have served the interests of justice because it was clear that the petitioner was aware of the proper method of review because he had filed a petition for review in the Ninth Circuit challenging the final order of removal. Id., at 1043. "Thus, [Puri] was unlike the usual case in which we have found a transfer to be in the interests of justice because the litigant was unaware of or confused about the proper forum in which to file his action." Id. at 1043, citing Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989)(holding that transfer of improperly filed petition to court of appeals was "in the interests of justice" because petitioner's "errant filing was caused in party by his pro se status, lack of fluency in English, and inability to access legal research materials in prison"); Paul v. INS, 348 F.3d 43, 47 (2d Cir. 2003)(concluding that transfer of petition to court of appeals was in the interest of justice because § 1631 was intended to aid litigants who were confused as to the proper forum for review and "there [was] no evidence in this case that [petitioner] filed with the district court in bad faith").

/////
/////

1 | The parties are directed to file further briefing addressing the issue of whether the
2 | transfer of this action serves the interests of justice. The parties should address whether
3 | petitioner was aware that he should have filed this action in the Ninth Circuit, his ability to
4 | access legal research materials in prison, his fluency in English or any other factor relevant to this
5 | matter.
6 | Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of
7 | this order, both parties shall file the further briefing discussed above.

DATED: 7/10/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ram918.fb