IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS AMILCAR RAMIREZ, | |
| Petitioner, | No. CIV S-07-0918 GEB GGH P |
| vs. | |
| ALBERTO GONZALES, | AMENDED ORDER AND |
| Respondent. | FINDINGS AND RECOMMENDATIONS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he was convicted of illegal re-entry in violation of 8 U.S.C. § 1326. Petitioner requests that the court suspend his order of deportation.

District courts do not have habeas jurisdiction over final orders of removal. <u>Puri v. Gonzales</u>, 464 F.3d 1038, 1040 (9th Cir. 2006). Jurisdiction to review final orders of removal rests exclusively in the courts of appeals. <u>Id.</u> Accordingly, on May 23, 2007, the court ordered this action transferred to the Ninth Circuit Court of Appeals.

On June 4, 2007, respondent filed a motion to rescind the transfer order and to dismiss for lack of jurisdiction. Respondent correctly observed that the REAL ID Act provides that habeas petitions challenging orders of removal filed after the May 11, 2005 effective date of the act should be dismissed outright by the district court for lack of jurisdiction rather than

1

transferred to the Ninth Circuit. Id., at 1041.

However, in Puri, the Ninth Circuit also considered whether, in lieu of outright dismissal, transfer of the case directly from the district court to the Ninth Circuit "in the interest of justice" under 28 U.S.C. § 1631 would have been appropriate. Id., at 1042-1043.

> Section 1631 provides that, in a civil action, if there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." [Footnote omitted] 28 U.S.C. § 1631. An immigration case is "transferable" when the following three conditions are met: 1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; 2) the transferor court lacks jurisdiction; and 3) the transfer serves the interest of justice.

Id., at 1042-1043.

On July 10, 2007, the court ordered both parties to file further briefing addressing whether the transfer of this action served the interests of justice. On July 26, 2007, respondent filed further briefing, and on July 31, 2007, petitioner filed further briefing.

Respondent correctly argues that the transfer of this action is not appropriate under 28 U.S.C. § 1631 because the Ninth Circuit would not have had jurisdiction of this action when it was filed because petitioner's order of removal was not final at that time. Rather, petitioner had only received notice that the Immigration and Naturalization Service intended to reinstate the prior order of removal from 1996.[1] Petition, p. 3. No final order respecting that intent had apparently issued at the time this case was filed  On that ground, the court grants respondent's motion to rescind the transfer order.[2]

---

[1] It is clear that petitioner is not challenging the 1996 order of removal. In any event, a challenge to the 1996 order is untimely. 8 U.S.C. § 1252(b)(1)(petition for review must be filed within 30 days of final order of removal).

[2] Respondent also argues that to the extent petitioner claims he is eligible for an "INA § 212(c) waiver," he has not exhausted his administrative remedies. Respondent goes on to argue that because exhaustion is a jurisdictional prerequisite to appellate review, petitioner could not have filed this action in the Ninth Circuit when it was filed in this court. Because it is clear that this action could not have been brought in the Ninth Circuit when it was filed in this court because petitioner's order of removal was not final, the court does need not consider whether

In addition to rescinding the transfer order, for the reasons discussed above, the court recommends that this action be dismissed for lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's June 4, 2007, motion to rescind the transfer order is granted;

2. The May 23, 2007, order transferring this action to the Ninth Circuit Court of Appeals is vacated;

3. The Clerk of the Court is directed to serve a copy of this order on the Ninth Circuit Court of Appeals;

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 9/19/07                                    /s/ Gregory G. Hollows

                                                  UNITED STATES MAGISTRATE JUDGE

ram918.fr(2)

---

petitioner is seeking an INA § 212(c) waiver.